UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LINDA WILLIAMS,

               Plaintiff,

           - against -

UNITED STATES,

               Defendant.[1]
-------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
16-CV-1754 (PKC)

PAMELA K. CHEN, United States District Judge:

On April 7, 2016, Plaintiff Linda Williams, appearing *pro se*, filed this action under the FTCA. For the reasons below, Plaintiff's application to proceed *in forma pauperis* ("IFP") is denied. The Court directs Plaintiff to pay the filing fee of $400 within fourteen (14) days of the date of this Order in order to proceed with this action.

"The purpose of the [IFP statute] is to insure that indigent persons have equal access to the judicial system." *Davis v. N.Y.C. Dep't of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (internal citations omitted). "[T]he court system depends on the honest and forthrightness of applicants to ensure that the privilege [to proceed IFP] is not abused." *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal citations and quotations omitted). Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350. Effective May 1, 2013, an additional $50 fee is now required for a total fee of $400. The Court may waive these filings fees upon finding a plaintiff indigent. *See Cabey v.*

---

[1] The form complaint filed by Plaintiff, which asserts a claim solely under the Federal Tort Claims Act ("FTCA"), identifies the defendant as "Juan R. Diaz." However, because the FTCA only authorizes suits against the United States and not against federal agencies or individuals, the only proper defendant for this action is the United States. *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) ("The only proper federal institutional defendant in such an action is the United States."); 28 U.S.C. § 2679(a)(1) and (d)(1). The Clerk of Court is directed to amend the caption as set forth above.

*Atria Senior Living*, 13-CV-3612, 2014 WL 794279, at *1 (E.D.N.Y. Feb. 26, 2014). Whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Id.*

Plaintiff's financial form fails to establish that Plaintiff is unable to pay the Court's filing fee. According to Plaintiff's application, she is currently employed with a take-home pay of $39,822.12 annually and has $23,254.52 in her checking or savings account. (Dkt. 2 ("IFP App.") at 1-2.)[2] Thus, she has sufficient resources to pay the $400 filing fee to commence this action, and Plaintiff's IFP application is denied. The Court directs Plaintiff to pay the filing fee of $400 to the Clerk of Court, Eastern District of New York, within fourteen (14) days from the date of this Order, if she wishes to proceed with this action. If the filing fee is paid, the Clerk of Court shall prepare a summons and Plaintiff shall effect service pursuant to Rule 4 of the Federal Rules of Civil Procedure. If Plaintiff fails to comply with this Order within the time allowed, this action will be dismissed without prejudice.

SO ORDERED.

*s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
      April 15, 2016

---

[2] All page references correspond to page numbers generated by the Electronic Court Filing ("ECF") system, and not the document's internal pagination.